**CV 16　0115**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN HAYDEN,

                         Plaintiff,

        -against-

THE CITY OF NEW YORK; "JOHN" RUTH;
and JOHN/JANE DOES, Nos. 1-10 (the names
John and Jane Doe being fictitious, as the true
names are presently unknown to plaintiff),

                        Defendants.
------------------------------------------------------------------x

2016 JAN 11 AM 10:30

U.S. DISTRICT
EASTERN DIST
OF NEW YORK

**COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

MAUSKOPF, J.

REYES, M.J.

Plaintiff JOHN HAYDEN, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.    The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

CV 16 0115

MAUSKOPF, J.

REYES, M.J.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff JOHN HAYDEN is a resident of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all relevant times herein, a municipal corporation duly organized and existing under the laws of the States of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant "JOHN" RUTH is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Ruth is being sued in his individual capacity.

10. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

11. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and

servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

12. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and opportunity to protect plaintiff from the unlawful actions of the other defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

13. On about October 25, 2014, plaintiff was arrested at his mother's home in Howard Beach allegedly for violating an order of protection.

14. Plaintiff was taken to the 106th Precinct in Queens, New York, where he repeatedly requested his prescribed medications to no avail.

15. In response to plaintiff's repeated requests for his prescribed medications, defendant Ruth and another officer or officers assaulted plaintiff, slamming plaintiff against a wall and to the ground.

16. The force used against plaintiff was entirely gratuitous, as plaintiff did not provoke the assault and offered no physical resistance.

17. Plaintiff lost consciousness for about five minutes, awakening in a puddle of blood.

18. Plaintiff then was taken to Queens Hospital Center, where he was treated for injuries to his face, nose, head, neck, back, arms, wrists, and legs.

19. As a result of the foregoing, plaintiff suffered, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and violation of his constitutional rights.

20. The above police misconduct occurred as a direct result of unconstitutional customs, polices, and practices of the City and the NYPD, including, but not limited to: the use of excessive force by police officers.

21. The existence of such unconstitutional customs, policies, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed against the City and NYPD police officers, as well as from notices of claims filed with the City's Office of Comptroller and complaints filed with the NYPD's Internal Affairs Bureau and the City's Civilian Complaint Review Board ("CCRB").

22. Based on a review of substantiated CCRB complaints, the NYPD Inspector General Philip K. Eure recently found that NYPD officers "too often did not deescalate encounters, failed to intervene in encounters where other officers used excessive force against members of the public and escalated encounters themselves." N.Y.C. Dept. of Investigation, Office of the Inspector General for the NYPD, *Police Use of Force in New York City: Findings and Recommendations on NYPD's Policies and Practices*, Oct. 1, 2015 ("*Police Use of Force in New York City*"), at 29.

23. The NYPD Inspector General Eure also found that the "NYPD frequently failed to impose discipline even when provided with evidence of excessive force." *Police Use of Force in New York City* at 4.

4

24. The NYPD Inspector General Eure further found that the NYPD's current use-of-force policy "is vague and imprecise, providing little guidance to individual officers on what actions constitute force." *Police Use of Force in New York City* at 3.

25. Between 2005 and 2009, the NYPD refused to prosecute 40% of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution. Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19. Moreover, only 25% of the cases found substantiated by the CCRB during that period resulted in NYPD discipline more severe than verbal instructions. *Id.*

26. The City has inadequately screened, hired, retained, trained, and supervised police officers, including those named as defendants herein, to respect the constitutional rights of individuals with whom they come in contact.

## FIRST CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

27. Plaintiff repeats and realleges paragraphs "1" through "26" with the same force and effect as if they were fully set forth herein.

28. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force against plaintiff, in violation of plaintiff's right to be from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

29. Plaintiff repeats and realleges paragraphs "1" through "28" with the same force and effect as if they were fully set forth herein.

5

30. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, thus violating plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

31. Plaintiff repeats and realleges paragraphs "1" through "30" with the same force and effect as if they were fully set forth herein.

32. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the Constitution of the United States, including, but not limited to: the use of excessive force by police officers.

33. The City and the NYPD have inadequately screened, hired, retained, trained, and supervised police officers.

34. The foregoing customs, polices, and practices constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

35. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiff.

36. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiff.

37. The foregoing customs, policies, and practices deprived plaintiff of the right to be free from unreasonable seizure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## Supplemental State Law Claims

38. Plaintiff repeats and realleges paragraphs "1" through "37" with the same force and effect as if they were fully set forth herein.

39. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

40. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City but the City has wholly neglected or refused to make an adjustment or payment thereof.

41. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

42. Plaintiff has complied with all conditions precedent to maintaining this action.

## FOURTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

43. Plaintiff repeats and realleges paragraphs "1" through "42" with the same force and effect as if they were fully set forth herein.

44. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## FIFTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

45. Plaintiff repeats and realleges paragraphs "1" through "44" with the same force and effect as if they were fully set forth herein.

46.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## SIXTH CLAIM FOR RELIEF

### (*Respondeat Superior* Claim Under New York Law)

47.     Plaintiff repeats and realleges paragraphs "1" through "46" with the same force and effect as if they were fully set forth herein.

48.     The City is vicariously liable for the acts of the NYPD employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## SEVENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

49.     Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50.     The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## EIGHTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Claim Under New York Law)

51.     Plaintiff repeats and realleges paragraphs "1" through 50"" with the same force and effect as if they were fully set forth herein.

52.     The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

    (A)    Compensatory damages in an amount to be determined at trial;

    (B)    Punitive damages in an amount to be determined at trial;

    (C)    Reasonable attorney's fees and costs of this litigation; and

    (D)    Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
        January 11, 2016

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*