UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN HAYDEN,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK,; "JOHN RUTH; and JOHN/JANE DOES, Nos. 1-10 (the names John and Jane Doe being fictitious, as the true names are presently unknown to plaintiff),

                                 Defendants.

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT**

16 CV115 (REM)(RRE)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendant City of New York by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports base jurisdiction as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports base jurisdiction as stated therein.

        5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports base venue as stated therein.

- 2 -

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to proceed as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. The allegations set forth in paragraph "11" of the complaint are conclusions of law; therefore, no response is required.

12. Deny the allegation set forth in paragraph "12" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to "John Doe" defendants.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" except admit that plaintiff was arrested on October 25, 2014.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was placed under arrest and that plaintiff was transported to the 106 Precinct.

15. Denies the allegations set forth in paragraph "15" of the complaint.

- 3 -

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admit that, on October 26, 2014, plaintiff was transported to the Queens Hospital Center.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint and respectfully refer the Court to the documents referenced therein.

23. Denies the allegations set forth in paragraph "23" of the complaint and respectfully refer the Court to the documents referenced therein.

24. Denies the allegations set forth in paragraph "24" of the complaint and respectfully refer the Court to the documents referenced therein.

25. Denies the allegations set forth in paragraph "25" of the complaint and respectfully refer the Court to the documents referenced therein.

26. Denies the allegations set forth in paragraph "26" of the complaint and respectfully refer the Court to the documents referenced therein.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint, except admit that a notice of claim was purportedly served on the City of New York on or about January 22, 2015.

40. Denies the allegations set forth in paragraph "40" of the complaint, except admit that a notice of claim was purportedly served on the City of New York on or about January 22, 2015.

- 5 -

41. Denies the allegations set forth in paragraph "41" of the complaint, except admit that a notice of claim was purportedly served on the City of New York on or about January 22, 2015.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses to the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. There was probable cause to arrest, detain, and prosecute plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56. Plaintiff fails to state a claim for municipal liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57. To the extent the complaint can be liberally construed to include claims brought pursuant to New York State law, any such claims may be barred for failure to comply with New York General Municipal Law §§ 50-e, 50-i and/or 50-h.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of defendant.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

59. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	April 1, 2016

					ZACHARY W. CARTER
					Corporation Counsel of the City of New York
					*Attorney for Defendant City of New York*
					100 Church Street, Room 3-218
					New York, New York 10007
					(212) 356-2409

				By:	        /S
					Tavish C. DeAtley
					Assistant Corporation Counsel
					Special Federal Litigation Division


To:	Robert T. Perry, Esq. (By ECF)
	*Attorney for Plaintiff*

16 CV 115 (REM)(RRE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN HAYDEN,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK,; "JOHN RUTH; and JOHN/JANE DOES, Nos. 1-10 (the names John and Jane Doe being fictitious, as the true names are presently unknown to plaintiff),

                                      Defendants.

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Room 3-218*

*Of Counsel: Tavish C. DeAtley*
*Tel: (212) 356-2409*

*Due and timely service is hereby administered.*

*New York, N.Y. .......................................... ,2016*

*.................................................................. Esq.*

*Attorney for ..........................................................*