UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN HAYDEN,

                        Plaintiff,

            **REPORT AND**
            **RECOMMENDATION**

    -against-                                         16-CV-115 (RRM) (SLT)

CITY OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       On January 11, 2016, plaintiff John Hayden ("Plaintiff") commenced this action against defendants the City of New York (the "City"), Officer "John" Ruth ("Ruth"), and ten John/Jane Doe NYPD officers. *See generally* Compl., ECF No. 1. On August 3, 2016, Plaintiff filed the Amended Complaint, adding as defendants NYPD Officers Patrick Cahill ("Cahill"), Maryann Connolly ("Connolly"), and Ian Roth ("Roth"). *See generally* Am. Compl., ECF No. 17. Plaintiff alleges causes of action arising under the United States Constitution, 42 U.S.C. §§ 1983, 1988, and New York State law. *See id.* During a motion hearing held on July 30, 2020, the undersigned acknowledged Plaintiff's failure to attend court appearances and the inability of Plaintiff's counsel to contact him. *See* Min. Order July 30, 2020 Motion Hr'g, ECF No. 47. The undersigned advised of a forthcoming recommendation of dismissal of Plaintiff's claims for failure to prosecute. *Id.* Since then, Plaintiff has not made any attempt to contact the Court. For this reason, the Court has no choice but to recommend, sua sponte, that the District Court DISMISS this case for a failure to prosecute.

    **A. Background**

       Plaintiff filed the Complaint on January 11, 2016, and the Amended Complaint on August 3, 2016, bringing causes of action as described above in response to events surrounding an incident at the 106th Precinct in Queens, New York, on October 26, 2014. *See generally* Compl.; Am. Compl.

1

Summons were issued as to the City on January 11, 2016, and as to Cahill, Connolly, and Roth on August 4, 2016. Summonses Issued, ECF Nos. 2, 18. Service was completed on the City on January 11, 2016, on Connolly and Roth on August 9, 2016, and on Cahill on August 24, 2016. Summonses Returned Executed, ECF Nos. 4, 19, 20, 22. Throughout 2016 and 2017, settlement conferences were held, but the parties were never able to reach a disposition. *See* Min. Entries Settlement Conferences, ECF Nos. 21, 25, 32, 36, 37.

Plaintiff's former attorney moved for the second time to withdraw as counsel on July 21, 2020 and apprised the Court of the unreasonable difficulties he faced in his representation of Plaintiff, rendering him unable to carry out his employment effectively. Second Mot. Withdraw Att'y, ECF No. 46. On July 30, 2020, the Court cautioned Plaintiff that failure to attend a show cause hearing by telephone on August 31, 2020, would result in sanctions, and a report and recommendation to the District Judge that the case should be dismissed for failure to prosecute. *See* Min. Order July 30, 2020 Motion Hr'g. Plaintiff did not appear, and Plaintiff's counsel was unable to verify that Plaintiff received the Court's Order to Show Cause. *See* Min. Entry Aug. 31, 2020 Show Cause Hr'g, ECF No. 49. As a result, the Court issued a new Order to Show Cause directing Plaintiff to appear for a hearing by telephone on October 26, 2020. *Id.* On September 11, 2020, Plaintiff's counsel filed an Affidavit of Service indicating that Plaintiff was served on September 1, 2020. Aff. of Service, ECF No. 50. Plaintiff again failed to appear, and the Court granted counsel's Second Motion to Withdraw as Attorney and advised it would recommend that the case be dismissed for lack of prosecution. *See generally* Min. Entry Oct. 26, 2020 Show Cause Hr'g, ECF No. 51; Second Mot. Withdraw Att'y; Electronic Order, Nov. 25, 2020.

**B. Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys.,*

*Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, the delays are entirely attributable to Plaintiff. Since July 2020 at the latest, Plaintiff has seemingly refused to communicate with anyone regarding this case, including his former attorney, the Court, or the defendants' counsel. *See* Min.

3

Order July 30, 2020 Motion Hr'g. This is in defiance of multiple orders from this Court to do so. *See id.;* Min. Entry Aug. 31, 2020 Show Cause Hr'g. This absence of action speaks to Plaintiff's lack of interest in prosecuting this case.

Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade v. United States*, 93 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissed after delays as short as three months). Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute his case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

In this case, the docket reflects that Plaintiff has failed to make any affirmative act since at least July 2020, if not earlier. Though the Court provided Plaintiff with ample opportunity to retain new counsel following his attorney's second motion to withdraw, Plaintiff has failed to do so. *See* Second Mot. Withdraw Att'y. Further, Plaintiff has not communicated with the defendants' counsel or the Court since at least July 2020, despite the Court's July and September 2020 orders that Plaintiff appear for the hearings. *See* Min. Order July 30, 2020 Motion Hr'g; Min. Entry Aug. 31, 2020 Show Cause Hr'g. As the record shows, Plaintiff failed to attend three consecutive hearings. *See* Min. Order July 30, 2020 Motion Hr'g; Min. Entry Aug. 31, 2020 Show Cause Hr'g; Min. Entry Oct. 26, 2020 Show Cause Hr'g. Thus, using Plaintiff's last appearance in July 2020 for calculation purposes, the delay in excess of ten months favors dismissal, especially given the fact that plaintiff has "failed to take *any* steps to prosecute this action . . . ." *See Lopez*, 2001 WL 50896, at *4.

Second, Plaintiff was given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite

to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As stated above, in July 2020, the Court cautioned Plaintiff that failure to attend a show cause hearing by telephone on August 31, 2020 would result in sanctions, and a report and recommendation to the District Judge that the case should be dismissed for failure to prosecute. *See* Min. Order July 30, 2020 Motion Hr'g. When Plaintiff failed to appear at that hearing, the Court issued a new Order to Show Cause directing Plaintiff to appear for a show cause hearing by telephone on October 26, 2020, and Proof of Service was filed with the Court. *See* Min. Entry Aug. 31, 2020 Show Cause Hr'g; Proof of Service. Again, Plaintiff did not appear as directed. *See* Min. Entry Oct. 26, 2020 Show Cause Hr'g. Thus, Plaintiff was on notice, and, to date, has failed to take any action. Given Plaintiff's notice, ample time to respond, and opportunity to appear, this Court finds that the second factor favors dismissal.

Third, the defendants will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Here, Plaintiff failed to communicate with his former counsel since at least July 2020. *See* Min. Order July 30, 2020 Motion Hr'g. About four months from that point, in November 2020, the Court granted his former counsel's Second Motion to Withdraw as Attorney. Second Mot. Withdraw Att'y. Plaintiff has made no attempt to contact the Court in the approximately six months since then. In light of Plaintiff's lack of communication, apparent unwillingness to participate in this litigation, and the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors

dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [his] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. Plaintiff has not contacted the Court about his failure to prosecute since the undersigned signaled this Report and Recommendation was forthcoming in July 2020. *See* Min. Order July 30, 2020 Motion Hr'g. Plaintiff has shown no interest in litigating this case; he has not appeared at any proceedings before this Court in more than ten months, despite several orders that he appear at hearings by telephone. *See* Min. Order July 30, 2020 Motion Hr'g; Min. Entry Aug. 31, 2020 Show Cause Hr'g. Plaintiff has essentially lain dormant since at least July 2020 and has failed to move his case forward. For example, he failed to respond when he was served with a second Order to Show Cause directing him to appear for a hearing via telephone. *See Caussade*, 293 F.R.D. at 631 (dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition). Accordingly, the fourth factor favors dismissal.

Finally, because Plaintiff has shown no interest in litigating his case, there is no efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, Plaintiff has effectively disappeared, as he has not communicated with the defendants' counsel or the Court,

despite orders by this Court to appear and to show cause. *See* Min. Order July 30, 2020 Motion Hr'g; Min. Entry Aug. 31, 2020 Show Cause Hr'g. In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference"). The final factor favors dismissal.

### C. Conclusion

This Court finds that the *Drake* factors weigh in favor of dismissal. Thus, this Court recommends that the District Court DISMISS Plaintiff's claims with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Counsel for the defendants are directed to immediately forward a copy of this R&R to Plaintiff at his last known address and file proof of service with this Court.

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

D. **Objections to this Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       June 14, 2021